# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                       Case No. 14-CR-99

**CAMRON J. JACKSON**,

      Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

      The United States of America and the defendant, Camron J. Jackson, appeared before me on March 31, 2017, for a change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Court Minutes for Change of Plea Hearing, ECF No. 284. Mr. Jackson, who was represented by counsel at the hearing, consented to my conducting the change of plea colloquy. I explained that it would be for the United States District Judge alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

      After Mr. Jackson was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Jackson was lucid, intelligent, and not under the influence of any intoxicants or substances.

I then discussed in detail each of the subjects specified in Rule 11, including the rights he would surrender by entering a plea of guilty, the maximum penalties associated with the charged offenses, and the authority of the sentencing judge to disregard any recommendations in the Plea Agreement, ECF No. 282, and to sentence Mr. Jackson at the statutory maximums. Mr. Jackson fully understood the rights he was surrendering and the implications of pleading guilty. Mr. Jackson also was satisfied that he had received effective assistance of counsel.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the Plea Agreement. I found that there was an independent factual basis containing each of the essential elements of Counts 8 and 9 of the Third Superseding Indictment, ECF No. 134, to which Mr. Jackson was pleading guilty. Mr. Jackson advised that he was pleading guilty to the charged offenses because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt that he was guilty of the charged offenses. Finally, I found that, in responding to my questions, Mr. Jackson was candid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Camron J. Jackson's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Jackson be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge