# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CAMRON J. JACKSON,

    Defendant.

Case No. 14-CR-99-5-JPS

**ORDER**

### 1. BACKGROUND

On March 25, 2021, Defendant filed a motion for compassionate release. (Docket #410). The Government filed a response on July 9, 2021. (Docket #416). The Court finds that there is sufficient record on which it may deny Defendant's motion.

### 2. FACTS

Defendant is serving a federal sentence after pleading guilty to robbery and firearms charges in 2017. (Docket #329). Defendant was sentenced by this Court to a total of 114 months in prison. (*Id.*) Defendant is currently detained at Federal Correctional Institution Milan ("FCI Milan") in Milan, Michigan. His projected release date is in 2023.

In his motion, Defendant asks the Court to release him from prison because his health conditions place him at increased risk of harm from COVID-19. (Docket #411 at 3). Defendant states that he suffers from vertigo and burn scars on his arm, hand, face, and eyes. (*Id.*) Defendant also argues that "[s]imply the existence of COVID-19 itself, is extraordinary." (*Id.*) Based on medical records submitted by the Government, it appears that Defendant was offered and refused the vaccine. (Docket #416-3). Finally,

Defendant states that he was given an "excessive" sentence because Hobbs Act robbery is not a "crime of violence" for purposes of Section 924(c). (*Id.* at 3–4).

As of October 5, 2021, FCI Milan reports that no inmates and one staff member have active cases of COVID-19.[1] Three inmate deaths have been reported, and 229 inmates and 85 staff have recovered from the virus.[2] Further, FCI Milan is reporting that 164 of its staff and 862 of its inmates have been *fully* vaccinated.[3]

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting

---

[1]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Oct. 5, 2021).

[2]*Id.*

[3]*Id.*

compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4.  ANALYSIS**

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g., United States v. Gonzales,* Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant alleges that he suffers from a list of health conditions including vertigo and burn scars on his arm, hand, face, and eyes. (Docket #411 at 3). None of these conditions appear on the Centers for Disease Control and Prevention's list of conditions that can make a person more likely to get severely ill from COVID-19.[4] But the Court need not wade too deep into Defendant's medical history.

---

[4] *People with Certain Medical Conditions,* Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 5, 2021).

Since Defendant filed his motion, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[5] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[6] Quickly, it is becoming well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Vaccination at FCI Milan is well underway. And, while Defendant refused the vaccine, (Docket #416-3), even where "[t]he available medical records do not indicate that [a defendant] has himself been vaccinated . . . federal courts recently have held that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk." *United States v. Collins*, No. 17-20360, 2021 WL 869651, at *5 (E.D. Mich. Mar. 8, 2021). The Court

---

[5] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[6] *See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

concludes that the combination of Defendant's alleged health issues is mitigated by the vaccination efforts underway at FCI Milan. At this time, without evidence that Defendant is "unable, medically or otherwise, to receive the vaccine," the Court finds that he has not presented an extraordinary and compelling reason warranting his early release. *Sullivan*, No. 20-2647, 2021 WL 3578621, at *2.

Defendant also claims that he was given an excessive sentence and that this constitutes an extraordinary and compelling reason for his early release. As the Government notes, Defendant did not present this argument to the warden. In his submission to the warden, Defendant wrote only that "I would like to be consider[ed] for compassionate release. Thank you." (Docket #416-1 at 1). He has not exhausted his administrative remedies as to this argument, and, therefore, the Court will not consider it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (holding that "the exhaustion requirement is a mandatory claim-processing rule and therefore must be enforced when properly invoked"); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("[A]n inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court.").

5.  **CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #410). The Court will grant the Government's motion to seal, (Docket #415).

Accordingly,

**IT IS ORDERED** that Defendant Camron J. Jackson's motion for compassionate release (Docket #410) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #415) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge